IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO.: 3:08-cv-257-TMH |
| | ) |
| JOHN SCROGGINS, | ) (WO - Do Not Publish) |
| | ) |
| DEFENDANT. | ) |

# **O R D E R**

This cause is now before the Court on the plaintiff's Motion for Permission to Appeal (Doc. # 23) and the Motion to Appear *In Forma Pauperis* (Doc. # 24) both filed on June 30, 2008. The Court construes these filings as a Notice of Appeal and Motion for Leave to Proceed on Appeal *In Forma Pauperis*.

Title 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."[1]  In making this determination as to good faith, a court must use an objective standard, such as whether

---

[1] *See* 28 U.S.C. § 1915(e):
    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue;  or
    (B) the action or appeal--
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted;  or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

the appeal is "frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "The statute provides that a court 'may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (citing 28 U.S.C. § 1915(d) (1996)).

> This circuit has defined a frivolous appeal under section 1915(d) as being one "'without arguable merit.'" *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir.1987)(quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.1976)). "'Arguable means capable of being convincingly argued.'" *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez,* 817 F.2d at 740 n. 5); *see Clark,* 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland,* 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *reh'g denied*, 503 U.S. 999 (1992); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] § 1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.'") (citations omitted).

Applying the foregoing standard, this Court is of the opinion that the plaintiff's appeal is without a legal or factual basis and, accordingly, the Court is compelled to find that it is frivolous and not taken in good faith. While Coggins' Motion for Permission to Appeal (Doc. # 23) identifies several points of disagreement with the legal grounds for the dismissal of his claims set forth in this Court's June 25, 2008 Memorandum Opinion and Order (Doc. # 21), it does nothing to identify any proper legal ground for his appeal. For the reasons previously stated, this Court was within its authority under the United States Code and the

Federal Rules of Civil Procedure to dismiss Coggins' suit.

Accordingly, it is ORDERED that the plaintiff's motion to proceed on appeal *in forma pauperis* is DENIED and the appeal in this cause is certified, pursuant to 28 U.S.C.A. § 1915(a)(3), as not taken in good faith.  Of course, nothing in this ruling precludes the plaintiff from asking the Eleventh Circuit Court of Appeals for leave to proceed with his appeal *in forma pauperis* or from proceeding with the appeal.  As the United States Supreme Court has explained

> [I]f from the face of the papers he has filed, it is apparent that the applicant will present issues for review not clearly frivolous, the Court of Appeals should then grant leave to appeal in forma pauperis, appoint counsel to represent the appellant and proceed to consideration of the appeal on the merits in the same manner that it considers paid appeals.

*Coppedge v. U.S.*, 369 U.S. at 446.

DONE this 14th day of July, 2008.

                                                /s/ Truman M. Hobbs  
                                            SENIOR UNITED STATES DISTRICT JUDGE